Van W. Northern
112 W. 8th Street Suite 400
Amarillo Texas 79101
Tel (806) 374-2266
Fax (806) 374-9535
15101100

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

Case Number 08-20303
Dated:       06/13/08
SSN1: xxx-xx-5193
SSN2: xxx-xx-
Judge:    Jones

DEBTOR 1:    Darrel Reece Hunter
DEBTOR 2:

# DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
## SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS

| | | | |
|---|---|---|---|
| This Plan contains non-standard provisions: (Yes or No) | No | DATE CASE WAS FILED: | 06/02/2008 |
| DEBTOR 1 & DEBTOR 2 MONTHLY TAKE HOME PAY: | $3,000.00 | DATE FIRST PAYMENT IS DUE: | 7/2/2008 |
| DEBTOR 1 & DEBTOR 2 MONTHLY EXPENSES: | $2,522.00 | | |
| MONTHLY SURPLUS AVAILABLE FOR PLAN PAYMENTS: | $478.00 | | |
| DATE CONVERTED TO CHAPTER 13: | | NUMBER OF PLAN PAYMENTS: | 60 |
| FIRST DATE SET FOR MEETING OF CREDITORS: | 07/03/08 | PLAN BASE AMOUNT: | $28,680 |
| DATE IF MEETING OF CREDITORS CONTINUED: | | CALCULATED BASE AMOUNT: | $28,668.37 |
| 90 DAY BAR DATE: | 10/1/2008 | | |
| 180 DAY BAR DATE: | 11/29/2008 | | |

**A. DEBTOR PAYMENTS:**

| Beginning Month | Ending Month | Debtor 1 Amount | Debtor 2 Amount | Totals |
|---|---|---|---|---|
| 1 | 60 | $478 | | $28,680 |

**B. ADMINISTRATIVE:**
1. TRUSTEE FEES: Trustee fees shall be paid first out of each disbursement and as provided in General Order 2007-01.
2. FILING FEES: Total filing fees for this case are _____ and shall be paid in full prior to any other disbursement to any creditor
3. NOTICING FEES: The Trustee shall be allowed noticing fees per General Order 2007-01. The total notice fees for this case:  $78.32
   (The calculation for this fee is the total number of creditors noticed by U.S. Mail X $.89 per notice X 4 notices )
4. DOMESTIC SUPPORT OBLIGATIONS: Debtor to pay all post-petition Domestic Support Obligations (defined in Section 101(14)(A)) directly to the holder of such obligation prior to discharge  Pre-petition Domestic Support Obligations shall be paid as follows:

| Name | Description | Total Arrears | Date Arrears are Through | | Annual % Rate | # of Pmts | Periodic Pmt Amount |
|---|---|---|---|---|---|---|---|
| Texas Attorney General's Office | Child Support Arrears | $1,660.00 | 6/2008 | | 0.00% | 60 | $27.67 |

**C. ATTORNEY FEES:** To Van W. Northern , Total fees of: $3,000.00 with $971.00 paid pre-petition; and $2,029.00 paid through the Trustee. Pre-confirmation payments to debtors attorney will be per the Authorization for Adequate Protection Disbursements (AAPD). Post-confirmation payments to Debtor's attorney will be made from funds remaining after payment of Administrative and Domestic Support Obligation claims as provided in Section "B" and each specified monthly plan payment to secured creditors ('D' and/or 'E' below) and before any payment to priority creditors ('H' below) or unsecured creditors ('I' and 'J' below)

**D. HOME MORTGAGE ARREARS**
Home mortgage arrearages of the Debtor shall be paid as follows. Regular mortgage payments shall resume beginning with the first payment due after the petition date.

| Creditor Name | Collateral Description | Total Arrears | Date Arrears are Through | | Annual % Rate | # of Pmts | Periodic Pmt Amount |
|---|---|---|---|---|---|---|---|
| American Hoame Loan Services | 3904 Huntington Amarillo Texas 79109 | $18,020.00 | 6/2008 | | 8.23% | 60 | $367.37 |

**E.(1) SECURED CREDITORS (Paid by Trustee) - NONE LISTED**

**E.(2) SECURED 1325(a)(9) CREDITORS (Paid by Trustee) - NONE LISTED**

**F. SECURED CREDITORS (Collateral to be Surrendered) - NONE LISTED**

**G. SECURED CREDITORS (Paid Direct)**
"CODE" definitions: *"D" = Paid Direct by Debtor(s)*

| Creditor Name | Collateral Description | Scheduled Amount | Claim Amount | Value of Collateral | | CODE | Periodic Pmt Amount |
|---|---|---|---|---|---|---|---|
| American Home Mortgage Services | 3904 Huntington Amarillo Texas 79109 | $169,037.00 | | $211,134.00 | | D | DIRECT |

**H. PRIORITY CREDITORS - NONE LISTED**

**I. SPECIAL CLASS CREDITORS - NONE LISTED**

**J. UNSECURED CREDITORS**

Unsecured creditors are not guaranteed a dividend when the Plan is confirmed, see General Order 2007-01. Unsecured creditors may receive a pro-rata share of the Unsecured Creditor pool which is estimated to be _____ $0.00 _____ calculated as _____ (Disposable Income per Section 1325(b)(2)) x _____ (Commitment Period per Section 1325(b)(4)) and shall not be less than _____ (Pursuant to Section 1325(a)(4))

| Creditor Name | Description/Account Number | Scheduled Amount | Claim Amount | Secured Creditor Deficiencies From Above | Deficiency Amount |
|---|---|---|---|---|---|
| Bealls | Account No Unknown | Unknown | | | $0.00 |
| CardMember Srevices | Account No 4481-9543-2061-9313 | $7,769.00 | | | $0.00 |
| Chase | Account No 426690202659 | $4,499.00 | | | $0.00 |
| Chase | Account No 540168305892 | $2,148.00 | | | $0.00 |
| Coldata Inc | Account No 4226-9100-2236-5407 | $3,499.66 | | | $0.00 |
| Cynthia Mora | Personal Loan | $3,750.00 | | | $0.00 |
| Dillard's | Account No Unknown | $91.00 | | | $0.00 |
| High Plains Remax | Contract for Services | Unknown | | | $0.00 |
| Infibank | Account No 531768374121873 | $10,359.00 | | | $0.00 |
| Joseph Ann & Creed | Account No 3705315 | $145.00 | | | $0.00 |
| Lowes | Account No Unknown | Unknown | | | $0.00 |
| North Shore Agency | Account Nn NO-NN801253000513 | $35.26 | | | $0.00 |
| R M S | Account No 322436148-SI | $91.12 | | | $0.00 |
| S&A Services Ltd | Account No 6011617211241150 | $4,264.86 | | | $0.00 |
| West Asset Management, Inc. | Account No. 154738190 | $972.46 | | | $0.00 |
| Total General Unsecured Debt (Scheduled/Claims): | | $37,624.36 | $0.00 | Total of Unsecured Deficiency Debt : | $0.00 |
| Total Scheduled General Unsecured Debt of Creditors That Have Not Yet Filed Claims: | | | $37,624.36 | | |

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES - NONE LISTED**

**L. NUMBER OF PAYMENTS:** (# of Pmts) shown above gives the estimated number of months <u>from the date of confirmation</u> required to fully pay the <u>balance of the claim as of the date of confirmation</u>. Calculation assumes that debtor will make all payments due between date hereof and date of confirmation. (Note: If AAPD payments have been authorized and made, they will be applied to principal as to <u>under</u>-secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this paragraph will only be made to secured and administrative claims that have been allowed or that the debtor has authorized payment to in an AAPD

**M. MISCELLANEOUS PLAN PROVISIONS: NONE**

### COMPUTATION OF REQUIRED PLAN PAYMENTS

| | Totals | | Totals With Interest |
|---|---|---|---|
| Filing Fees | $0.00 | | $0.00 |
| Noticing Fees | $78.32 | | $78.32 |
| Domestic Support | $1,660.00 | | $1,660.00 |
| Debtor Attorney Fees | $2,029.00 | | $2,029.00 |
| Home Mortgage Arrears | $18,020.00 | | $22,042.04 |
| Secured Claims | $0.00 | | $0.00 |
| Secured 1325(a)(9) | $0.00 | | $0.00 |
| Priority Claims | $0.00 | | $0.00 |
| Special Class | $0.00 | | $0.00 |
| Unsecured Claims | $37,624.36 | | $0.00 |
| Total | $59,411.68 | | $25,809.36 |

| | | | |
|---|---|---|---|
| Total Plan Base from Page One | $28,680.00 | Trustee Fees | $2,859.00 |
| Total Payments to Creditors other than General Unsecureds | $28,668.37 | Total Payments (Calculated Base Amount) | $28,668.37 |
| Residual Plan Base Available for General Unsecureds | $11.63 | | |
| Estimated Dividend (%) to Unsecureds Available from Residual Plan Base | 0.03% | Estimated Periodic Payment to Achieve a 100% Dividend to General Unsecureds | $477.81 |
| Percentage of Guaranteed Minimum to be paid from Residual Plan Base | 100.00% | | |

## SECTION II
## DEBTOR'S (S') CHAPTER 13 PLAN - GENERAL PROVISIONS

### A. SUBMISSION OF DISPOSABLE INCOME

Debtor(s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Trustee as is necessary for the execution of the Plan as hereinafter provided.

Debtor proposes to PAY TO THE TRUSTEE the sums indicated in Section I, Part "A" hereof. If applicable, cause exists for payment over a period of more than three (3) years.

Payment of any claim against the debtor may be made from the property of the estate or property of the Debtor(s) as herein provided.

### B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105 (a), 503 (b), 1326 (b)(2) and 28 U S C Sec 586 (e)(1)(B). The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586 (e)(1)(B) shall be deducted from each payment. Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I Part "B" hereof pursuant to local rule. No Trustee fee will be collected on Noticing Fees.

### C. ATTORNEY FEES

Debtor's(s') Attorney Fees totaling the amount indicated in Section I, Part "C" shall be paid by the Trustee pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

### D. PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)

Arrearages on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the amount and at the Annual Percentage Rate of interest indicated on Section I, Part "D" herein. To the extent interest is provided, interest will be calculated from the date of the Petition. The arrears amount shown in Section I, Part 'D" shall be reduced by the adequate protection payments made, less any interest (if applicable) paid to the respective creditor by the Trustee. Post-petition payments may be paid "Direct" by Debtor(s) as set out in Section I, Part "G" beginning with the payment first due after the petition date. **Such creditor(s) shall retain their liens on the collateral.**

### E. SECURED CLAIMS TO BE PAID BY TRUSTEE

1. Secured Claims To Be Paid By Trustee: Unless otherwise provided in Title 11 United States Code or the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 the claims listed in Section I, Part "E(1)" shall be paid by the Trustee as 'SECURED' to the extent of the lesser of the allowed amount of the claim as shown or the VALUE, as shown of the collateral which will be retained by the Debtor(s). Any amount claimed in excess of the value of the collateral as shown shall automatically be 'split' and treated as indicated in Section I Part "H" or "J" per 11 U S C Sec 506(a) if applicable. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee. **Such creditors shall retain their liens on the collateral** described in Section I, Parts 'D' 'E' and "G" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328 and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the claim is fully secured, from the date of the Petition. Each secured claim shall constitute a separate class.

2. Section 1325(a)(9) Claims To Be Paid By The Trustee: Claims in Section I Part E(2)' are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a vehicle or a debt incurred within one year of the petition date secured by any other thing of value. The claims shall be paid as indicated. **Such creditors shall retain their liens on the collateral** described in Section I Part "E(2)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharged under Section 1328 and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the claim is fully secured, from the date of the Petition. The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee. To the extent a secured claim not provided is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract. Each secured claim shall constitute a separate class.

TO THE EXTENT THE VALUE AMOUNT IN E.(2) IS LESS THAN THE CLAIM AMOUNT IN E.(2), THE CREDITOR SHALL HAVE THE OPTION REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT. ABSENT SUCH OBJECTION, THE CREDITOR SHALL BE DEEMED TO HAVE ACCEPTED THE PROPOSED TREATMENT.

THE VALUATION OF COLLATERAL AND INTEREST RATE TO BE PAID ON THE ABOVE CLAIMS WILL BE FINALLY DETERMINED AT CONFIRMATION.

### F. SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL PRE-CONFIRMATION

The claims listed in Section I, Part 'F' shall be satisfied as SECURED' to the extent of the VALUE of the collateral as shown by SURRENDER of the collateral by the Debtor(s) on or before Confirmation. Any amount claimed in excess of the value of the collateral as shown to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part 'H' or 'J' per 11 U S.C. Sec 506(a). Each secured claim shall constitute a separate class.

### G. DIRECT PAYMENTS BY DEBTOR(S)

All secured claims listed in Section I Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement unless otherwise provided in Section I Part "K" or "M". Each secured claim shall constitute a separate class.

### H. PRIORITY CLAIMS

All allowed claims entitled to priority under Section 507(a) of the Bankruptcy Code will be paid in full, unless provided otherwise under Section 1322(a)(4) in deferred installments unless the holder of such claim agrees to a different treatment of such claim. The claims listed in Section I, Part "H" shall be paid by the trustee in full as Priority without interest, at the monthly amount indicated or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the date of filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the plan. Debtor(s) will pay all Domestic Support Obligations that are due before discharge in full.

### I. SPECIAL CLASS UNSECURED CLAIMS

Special Class unsecured claims shall be treated as allowed by the Court.

### J. GENERAL UNSECURED CLAIMS TIMELY FILED

All other claims not otherwise provided for herein above shall be designated general unsecured claims. Payments if any to general unsecured claims will be on a pro rata basis determined monthly. All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed special class unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and special class unsecured claims so long as each secured, priority and special class unsecured creditor is receiving not less than its monthly installment as provided herein. Any delinquencies under the plan on all allowed secured claims, allowed priority claims and special class claims must be brought current before any payments are made to the general unsecured claims.

General unsecured claims totaling the amount indicated in Section I, Part"J" shall be paid by the Trustee, a PRO RATA share of the unsecured creditors pool estimated in Section I, Part "J" less debtors attorney fee or funds remaining after all other payments provided herein. This share is estimated to be the approximate amount indicated in Section I Part "J" or the estimated % (if any) shown above.

### K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
As allowed by Section 1322(b)(7) of the Bankruptcy Code the Debtor(s) assume(s) or reject(s) the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

### L. NUMBER OF PAYMENTS
See Section 1, Part "L" of the Plan

### M. MISCELLANEOUS
The provisions set forth in Section I Part "M" are miscellaneous Plan provisions not otherwise referred to herein

### N. POST-PETITION CLAIMS
Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed. To the extent necessary Debtor will modify this plan.

### O. LATE FILED CLAIMS AND CLAIMS NOT FILED
Late filed unsecured claims on pre-petition debt shall be paid pro rata but only after all other timely filed claims are paid in full. Such payment shall be before any payment on pre-petition non-pecuniary penalties. Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES
Any unsecured claim for non-pecuniary penalties, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims, including late filed claims, shall have been paid in full

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST
No interest, penalty or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition unless expressly provided herein

### R. BUSINESS CASE OPERATING REPORTS
Upon Confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise. However a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION
The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

### T. DISPOSITION OF PROPERTY
Debtor(s) shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without order of the Court after notice to the Trustee and all creditors. Upon conversion or dismissal of the case the Trustee shall disburse all funds on hand in accordance with General Order 2007-01 and any amendments thereto

### U. ORDER OF PAYMENT
All claims shown in Section I, will be paid in the following order from each disbursement to the extent allowed after all filing fees have been paid in full:
    1st  Administrative Fees set out in "B"
    2nd  Specified monthly dollar amounts to secured creditors shown in "D" and "E"
    3rd  Debtor(s)' attorney fees shown in "C" until paid in full
    4th  Specified monthly dollar amounts shown in "H" (Priority - per month)
    5th  Specified monthly dollar amounts shown in I (Special Class - per month)
    6th  Pro-rata among claims shown in "J" other than "Late Filed" or "Penalty"
    7th  Pro-rata among claims shown as Priority "Late Filed" shown in "H"
    8th  Pro-rata among claims shown as Unsecured "Late Filed" shown in "J"
    9th  Pro-rata among all claims shown as "Penalty" shown in "J"

### V. UNFILED CLAIMS
A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C Sec 506(a), 1325(a)(5) and (9) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan Debtor(s) hereby move the Court to value the collateral described in Section I, Part "E(1) or (2)" and Part "F", as the LESSER of the value set forth therein or any value claimed on the proof of claim. **Any objection to valuation shall be filed at least five (5) business days prior to confirmation, or be deemed waived.**

Respectfully submitted

_/s/ Van W. Nevitt_
Debtor(s) or Debtor's(s') Attorney

State Bar Number _15101100_

Case No: _08-20303_

Debtor 1 Name: _Darrel Reece Hunter_

Debtor 2 Name: _____

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS

DEBTOR 1: Darrel Reece Hunter  
DEBTOR 2:

DATED: 06/13/08

CASE NUMBER: 08-20303

THE UNDERSIGNED DEBTOR(S) HEREBY REQUEST THAT PAYMENTS RECIEVED BY THE TRUSTEE PRIOR TO CONFIRMATION BE DISBURSED IN ACCORDANCE WITH GENERAL ORDER 2007-01 AS INDICATED BELOW:

| | | |
|---|---|---|
| Periodic Payment Amount | | $478.00 |
| Disbursements: | First | Other |
| Account Balance Reserve | $5.00 | $0.00 |
| Related Expense To Trustee | $39.47 | $47.80 |
| Filing Fees | $0.00 | $0.00 |
| Noticing Fees | $78.32 | $0.00 |
| Subtotal Expenses/Fees | $122.79 | $47.80 |
| Available For Adequate Protection, Attorney Fees and Undisputed Priority Claims From First Disbursement: | | $355.21 |

### DOMESTIC SUPPORT OBLIGATIONS

| Name | Description | Claim Amount | Adequate Protection% | Adequate Protection Pmt |
|---|---|---|---|---|
| Texas Attorney General's Office | Child Support Arrears | $1,660.00 | 1.25% | $20.75 |

### SECURED CREDITORS

| Creditor Name | Collateral Discription | Scheduled Amount | Claim Amount | Value of Collateral | Adequate Protection% | Adequate Protection Pmt |
|---|---|---|---|---|---|---|
| American Hoame Loan Services | 3904 Huntington Amarillo Texas 79109 | $18,020.00 | $18,020.00 | $18,020.00 | 1.25% | $225.25 |
| 0 | 0 | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |
| 0 | 0 | $0.00 | $0.00 | $0.00 | 1.25% | $0.00 |

### UNSECURED PRIORITY CREDITORS

Unsecured Priority Creditors shall receive payments after Administrative Expenses and Attorney Fees have been paid in full

| Creditor Name | Description of Debt | Scheduled Amount | Claim Amount Disputed | Claim Amount Undisputed | Adequate Protection Pmt |
|---|---|---|---|---|---|
| 0 | 0 | $0.00 | $0.00 | $0.00 | $0.00 |

### UNSECURED SPECIAL CLASS CREDITORS - NONE LISTED

| | | | |
|---|---|---|---|
| Total Payments to Domestic Support and Secured Creditors: | $246.00 | Total Payments to Undisputed Priority & Special Creditors: | $0.00 |
| Funds Available For Debtor's Attorney From First Disbursement: | | $109.21 | |
| Funds Available For Debtor's Attorney From Future Disbursements: | | $184.20 | |
| Estimated Number of Months to Pay all Attorney Fees Through the Plan: | | 11 Month(s) | |

PROPOSED, AUTHORIZED, REQUESTED, AND ACKNOWLEDGED:

BY DEBTORS DATED: June 13, 08

/s/ Van W. Northern  
Attorney For Debtor(s)/Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

IN RE:  
Darrel Reece Hunter

CASE NO: 08-20303

HEARING DATE: 0  
HEARING TIME: 11:00 AM

## NOTICE OF HEARING AND OF THE RIGHT TO OBJECT

TO ALL PERSONS LISTED ON EXHIBIT "A" ATTACHED HERETO:  
PLEASE TAKE NOTICE THAT ON ___ AT 11:00 AM AT THE FOLLOWING LOCATION:

| FOR LIVE COURT | FOR VIDEO COURT |
|---|---|
| UNITED STATES COURTROOM | UNITED STATES COURTROOM |
| 624 S POLK STREET ROOM 100 | 624 S POLK STREET ROOM 100 |
| AMARILLO TX 79101 | AMARILLO TX 79101 |

the above captioned Debtor(s) will seek an Order of the Bankruptcy Court granting the relief requested in the

### Debtor's(s') Chapter 13 Plan and Motion for Valuation

PLEASE TAKE FURTHER NOTICE that any party objecting or responding to any relief sought in the above pleading must do so in writing. The objection or response will be served upon the Debtor's(s') counsel (or the Debtor(s), if not represented by counsel), and upon the Chapter 13 Trustee NOT LESS THAN FIVE (5) DAYS PRIOR TO THE ABOVE HEARING DATE.

**FAILURE TO FILE AND SERVE A WRITTEN OBJECTION OR RESPONSE AS STATED, AND FAILURE TO ATTEND BOTH THE PRE-HEARING CONFERENCE AND THE COURT'S HEARING SHALL CONSTITUTE A WAIVER OF ANY OBJECTION OR RESPONSE, AND JUDGMENT SHALL BE ENTERED BY DEFAULT, UNLESS OTHERWISE ORDERED BY THE COURT.**

A PRE-HEARING CONFERENCE WILL BE HELD BY THE TRUSTEE ON ___0___ AT ___8:30 AM___ AT THE LOCATION GIVEN ABOVE. HEARINGS ON OBJECTIONS NOT RESOLVED AT THE PRE-HEARING CONFERENCE WILL BE HEARD BY THE COURT IMMEDIATELY FOLLOWING THE PRE-HEARING CONFERENCE

DATED: 6/13/08

_____  
ATTORNEY FOR THE DEBTOR(S)

---

### CERTIFICATE OF MAILING

A copy of the above Notice, with "Debtor's(s') Chapter 13 Plan and Motion for Valuation" dated 6/13/08 attached, was mailed on 6/13/08 to the following parties at the addresses shown below and on the attached mailing matrix.

Chapter 13 Trustee  
6308 Iola  
Lubbock TX 79424

_____  
ATTORNEY FOR THE DEBTOR(S)

Attorney-In-Charge
Office of the United States Attorney
500 S Taylor, Lobby Box 238
Amarillo, TX 79101

Comptroller of Public Accounts
Taxation Division Bankruptcy
P.O. Box 12548
Austin, TX 78711

Internal Revenue Service
Special Procedures Branch
Bankruptcy Section, Mail Code 5020-DAL
1100 Commerce Street
Dallas, TX 75242

Texas Workforce Commission
101 E. 15th Street
Austin, TX 78778

Darrel Reece Hunter
P.O Box 8712
Amarillo, TX 79114

American Home Mortgage Services
P.O. Box 905
Columbia, MD 21044

Balcom Law Firm, P C
West Memorial Park
8584 Katy Freeway, Suite 305
Houston, TX 77024

Bealls
P.O. Box 64
Jacksonville, TX 75766-0064

CardMember Services
P.O Box 3331
Omaha, NE 68103-0331

Chase
800 Brooksedge Blvd
Westerville, OH 43081

Coldata, Inc.
P.O Box 711477
Cincinnati, OH 45271

Cynthia Mora
1818 Fremont St.
Laredo, TX 78043

Dillard's
P.O. Box 29448
Phoenix, AZ 85038-9448

High Plains Remax
7460 Golden Pond Pl.
Amarillo, TX 79121

Infibank
P.O Box 3412
Omaha, NE 68197

Joseph, Ann & Creed
20600 Chagrin Blvd , Suite 550
Shaker Heights, OH 44122-5340

Julie Hunter-Davis
12300 San Saba
Amarillo, TX 79118

Lowes
P.O. Box 105980 Dept 29
Atlanta, GA

Merchants' Credit
P.O Box 7416üü
Bellevue, WA 98008

North Shore Agency
P.O. Box 8909
Westbury, NY 11590

R.M.S.
P.O. Box 723001
Atlanta, GA 31139-8712

Remax High Plains Realty
7460 Golden Pond Pl
Amarillo, TX 79121

S&A Services, Ltd
Processing Center
P.O. Box 410
Danvers, MA 01923-0610

Texas Attorney General's Office
Child Support Unit 0103E
501 S. Fillmore, Suite 5A
Amarillo, TX 79101

Vickie Doherty
7460 Golden Pond Pl.
Amarillo, TX 79121

West Asset Management, Inc.
P.O. Box 956842
Saint Louis, MO 63195